# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**GUADALUPE PECINA**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:08-CR-175**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   - ☐ an offense for which the maximum sentence is life imprisonment or death.
   - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
   - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
   - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant had previously been placed at the halfway house as a modification of his supervised release from January to August, 2013, where he committed approximately 33 major violations and a number of minor violations. He was released in August, but the court returned him to the halfway house at the beginning of October for four months, and his time at the halfway house was extended an additional 30 days on January 3, 2014. (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Defendant has failed to meet his burden by clear and convincing evidence. The only relief sought by defendant was defendant's return to KPEP pending his revocation hearing. Since KPEP has terminated his participation and stated they do not want him to return, that option is not available. The court is constrained to order that he be detained pending a revocation hearing before the district judge.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: **January 15, 2014**

**/s/ Hugh W. Brenneman, Jr.**
*Signature of Judicial Officer*

**Hugh W. Brenneman, Jr., United States Magistrate Judge**
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Guadalupe Pecina
1:08-CR-175
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

    KPEP has now indicated they do not want him back because he is a behavioral issue, and since his return on October 10, 2013, has accumulated 53 violations, including 10 program (serious) violations. Five of these were for being out of place. Four included possession of a cell phone.

    Plaintiff apparently continues to do well in his internship with Aspen Dental, which purportedly will lead to full-time employment with 80 more hours of internship.